■ MARGARET COURTNEY, Respondent, v DOLLAR SAVINGS BANK OF THE CITY OF NEW YORK, Appellant.—Judgment, Supreme Court, Bronx County, entered on April 8, 1975, in favor of plaintiff, in this action to recover the proceeds of a policy of life insurance issued by defendant bank, reversed, on the law, and complaint dismissed, without costs and without disbursements. Plaintiff is the beneficiary under such policy, which was issued to her husband on September 20, 1968, based upon his application of August 30, 1968. He died on February 17, 1970, and defendant has refused to pay the proceeds of the policy in the sum of $9,750. She sued. In its answer the defendant alleged, amongst other things, that the deceased was guilty of material misrepresentations in his application for insurance when, in answering questions posed therein, he claimed that he did not use alcoholic beverages and that he never had high blood pressure, nor was he ever treated for same. While it is true, as was noted by the trial court, that the defendant did not specifically plead a counterclaim for equitable relief to void the policy, the defenses set forth, if proven, would be a bar to recovery. It is clear beyond any question that, although the deceased represented that in the last five years before he executed his application, he had been to a doctor only once for a cold, this was not the truth. It is established on this record that the deceased had, in fact, consulted his doctor 18 times, the last

four visits commencing in March, 1968 and ending on August 12, 1968, the latter date being 18 days prior to the date on which the deceased executed the life insurance application. It was during the period of the last four visits that the deceased was found to be suffering with high blood pressure and was placed under treatment by the doctor. This information was concealed from the defendant. It should also be noted that the application contained the following: "Q. 17(c). Have you ever had any of the following: * * * High or low blood pressure. A. 17(c). No." It is settled law that a misrepresentation shall not avoid an insurance contract unless it is material. Whether it is material is ordinarily a question of fact for the jury. In our recent decision of *Process Plants Corp. v Beneficial Nat. Life Ins. Co.* (53 AD2d 214, 216), we said: "However, where the evidence concerning the materiality is clear and substantially uncontradicted, the matter is one of law for the court to determine. The test is whether failure to furnish a true answer defeats or seriously interferes with the exercise of the insurance company's right to accept or reject the application. The major question is whether the company has been induced to accept an application which it might otherwise have refused". Applying this test we conclude, as was concluded by us in the last cited case, that it is clear to us that the misrepresentations above mentioned were material as a matter of law and the complaint must be dismissed. (See, also, *Wageman v Metropolitan Life Ins. Co.,* 24 AD2d 67, affd 18 NY2d 777.) We have noted, too, the further contention of the defendant that there was misrepresentation by the deceased as to his denial of use of alcoholic beverages. In this connection the defendant argues that it was error for the trial court to refuse to admit into evidence the hospital record showing that the deceased had a long history of large amounts of alcohol consumption. However, we conclude that the trial court was correct in its refusal to admit this hospital record because it was pure hearsay, with no foundation provided as to where this information came from. Concur—Lupiano, J. P., Birns, Capozzoli and Lane, JJ.; Nunez, J., dissents and votes to affirm on the opinion of Eggert, J., at Trial Term.