GORDON R. STONE, Plaintiff-Appellant, *v.* THOSE CERTAIN UNDERWRITERS AT LLOYDS, LONDON, SUBSCRIBING TO COVER NOTE NO. SL 10001, Defendant-Appellee.

Fifth District   No. 78-442

Opinion filed March 3, 1980.

334

Sterling & Altman, of Fairview Heights (Harry J. Sterling, of counsel), for appellant.

McGlynn & McGlynn, of Belleville, and Peterson, Ross, Schloerb & Seidel, of Chicago (Robert E. McGlynn, Norbert J. Wegerzyn, Michael P. Tone, and Louis C. Roberts, of counsel), for appellee.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Plaintiff appeals from a judgment rendered for defendant insurance carrier upon plaintiff's complaint for loss of 14 oriental art objects in a burglary. The principal issue presented is whether under the facts of the case there had been a failure to disclose information regarding the manner of acquisition and the value in plaintiff's application for insurance coverage so as to justify a rescission of the coverage. The trial court found that rescission was justified. We affirm.

Plaintiff is a dean of educational administration at Belleville Area College and, since about 1972, a collector of art objects. In the spring and early summer of 1975 plaintiff purchased 14 separate items of oriental art objects from a Charles Bueche of San Antonio, Texas, for $19,800. The purchases were effected over a time span of several weeks. In what may be described as acts contemporaneous with the purchases, Charles Bueche furnished to plaintiff his appraisal of the 14 items of art in which he stated their value to be $275,800.

In June 1975 plaintiff made a request for coverage of fine art works through a local broker. The request was ultimately lodged with "Those Certain Underwriters at Lloyds, London, subscribing to cover note No. SL 10001" (defendant). The appraisals furnished plaintiff by Bueche were submitted to defendant with the application for coverage. Defendant's representative requested plaintiff to execute a proposal form (application) which was done. Question number 19 of the proposal asked the applicant:

"Is there any other material fact, within your knowledge, regarding this proposal of insurance, which should be submitted to the Insurers for consideration?"

Plaintiff answered this question "no." Plaintiff never advised the defendant that the same dealer who sold him the 14 art objects for $19,800 contemporaneously appraised them at a value of $275,800. Defendant made no further investigation and, on August 8, 1975, issued to plaintiff a cover note of insurance of the objects in the amount of the appraisal.

On or about March 6, 1976, all of the items, except a boxwood screen, were feloniously taken from plaintiff's apartment in a burglary. Plaintiff notified defendant of the loss. The defendant made an investigation, discovered the great discrepancy between plaintiff's cost and the appraised value, and the fact that the seller of the art objects had also furnished the appraisals, and declined payment of the loss but offered to refund the premium paid. The basis of defendant's denial was that plaintiff had made material misrepresentations in procuring the coverage.

Plaintiff filed suit on the policy seeking to recover $245,800 for the stolen items. Defendant filed an answer and two affirmative defenses, the first for rescission for material misrepresentations, and the second for reformation of the coverage to reflect the actual nature and value of the items. At the trial, evidence was presented by defendant which showed that the art items were not of the nature and value plaintiff had represented them to be. Bueche's valuations were also brought into serious question by delving into his own acquisition of the items in question.

In its judgment the court found that the nature and value of the items purchased by plaintiff from Bueche did not remotely approach items of the value of $275,800 and that the statements as to the nature and value of the items were material. It further found that if information of the transaction between plaintiff and Bueche had been submitted to defendant the coverage would not have been issued, and the failure to reveal such facts prevented defendant from appraising the risk as it actually existed. Finally, the court found that plaintiff did not enter into a planned scheme to defraud defendant. Judgment was then entered for defendant upon its first affirmative defense by rescinding the coverage of cover note SL 10001 and directing defendant to refund to the plaintiff the premium paid.

There are numerous Illinois cases which hold that false or misleading statements on applications for insurance are sufficient to avoid the policy if material to the risk. These include *Weinstein v. Metropolitan Life Insurance Co.* (1945), 389 Ill. 571, 60 N.E.2d 207, where it was held that misrepresentations in an application for life insurance will avoid the policy if they are false and material to the risk even though the applicant

acted through mistake or in good faith. Also see *Campbell v. Prudential Insurance Co. of America* (1958), 15 Ill. 2d 308, 155 N.E.2d 9; *Logan v. Allstate Life Insurance Co.* (1974), 19 Ill. App. 3d 656, 312 N.E.2d 416, and cases cited.

However, this case is not concerned with an instance where a misleading statement was made; rather, it involves plaintiff's failure to disclose information. The question presented by this case thus becomes: Did the plaintiff's failure to disclose information regarding the wide variation between purchase price and the contemporaneous appraised value and the fact that the seller and appraiser were one and the same person constitute a misrepresentation that affected the materiality of the risk and furnished grounds for rescission? Justice and precedent compel an affirmative answer.

We have not been cited and are unable to find an Illinois case precisely in point. There are cases and precedents, however, which furnish an indication of the propriety of the result we reach. *Carroll v. Preferred Risk Insurance Co.* (1966), 34 Ill. 2d 310, 215 N.E.2d 801, and *Western Fire Insurance Co. v. Moss* (1973), 11 Ill. App. 3d 802, 298 N.E.2d 304 (and cases cited therein), stand for the proposition that an applicant for a policy of insurance that is to be predated, or retroactively dated, has a duty to notify the insurer of any material changes (such as an accident claim) affecting his coverage during the interim between his application and the issuance of the policy.

The Restatement of Contracts §472(1)(b) (1932), speaks to factual situations similar to the one presented in this case. Its rule is stated thusly:

> "(1) There is no privilege of non-disclosure, by a party who
> (b) knows that the other party is acting under a mistake as to undisclosed material facts, and the mistake if mutual would render voidable a transaction caused by relying thereon."

In Comment b. of this section it is explained:

> "b. A party entering into a bargain is not bound to tell everything he knows to the other party, even if he is aware that the other is ignorant of the facts; and unilateral mistake, of itself, does not make a transaction voidable (see sec. 503). But if a fact known by one party and not the other is so vital that if the mistake were mutual the contract would be voidable, and the party knowing the fact also knows that the other does not know it, non-disclosure is not privileged and is fraudulent."

We think the Restatement rule is a sound one when tested by the facts of this case. The principle finds support in cases from other jurisdictions that have adopted it under factual situations similar to that we consider.

In *King v. Aetna Ins. Co.* (2d Cir. 1931), 54 F.2d 253, the insured had purchased a yacht for $2500 but stated in the application for insurance

that its value was $40,000. Shortly after a policy binder was issued the yacht was wrecked. Upon discovering the facts regarding the purchase price the insurance carrier refused payment on the policy. A jury verdict for the plaintiff was reversed, the court stating:

> "It is a well-recognized rule of marine insurance, which we have recently had occasion to consider in Btesh v. Royal Ins. Co., 49 F.(2d) 720, that the insured is obliged voluntarily to disclose to the insurer all circumstances known to him and unknown to the insurer which materially affect the risk, and that a failure to make such disclosure will vitiate the policy." (54 F.2d 253, 254.)

The court also noted that any reasonable person must know that the fact that a vessel had just been purchased for $2500 did materially affect the decision of an underwriter about to issue a $40,000 valued policy upon her, and that concealment of an overvaluation so excessive as to make the risk speculative vitiates the policy. The court concluded that while ordinarily the materiality of the concealment is a fact for the jury, the evidence in the case was so clear that the court should have vitiated the policy as a matter of law.

While the *King* case involved a policy of marine insurance, it nevertheless may serve as a precedent in this case, since the law relating to an insured's duty to make truthful disclosures and representations in applications for insurance arose from maritime law applications. See Cooper, *Misrepresentations and False Warranties in Insurance Applications*, 58 Ill. Bar J. 962 (1970).

In *Sorrell v. Young* (1971), 6 Wash. App. 220, 491 P.2d 1312, defendants sold plaintiffs a residential lot which had been filled, thus rendering the lot unsatisfactory for building purposes. The plaintiff brought suit for rescission of the contract because of defendants' failure to disclose the fact that the lot had been filled. The trial court dismissed the case finding that plaintiffs had not established that a false representation had been made. On appeal, the case was remanded for presentation of defendants' evidence, the court finding that the failure of the seller to disclose the existence of the fill could constitute fraud by nondisclosure. The court expressly relied upon Restatement of Contracts §472, Comment b (1932).

In *Merchants Fire Assurance Corp. v. Lattimore* (9th Cir. 1959), 263 F.2d 232, an insured brought suit to recover damage to unscheduled personal property covered by a personal property floater provision of an insurance policy. The claim for loss was in the amount of $9950. The insurance company defended on the grounds that the insured concealed or misrepresented material facts in that she was required to declare the approximate value of all the unscheduled personal property which she owned. At the trial it was stipulated that when the policy was issued and

for many years prior thereto the actual value of the insured's personal property was at least $36,500. Thus, the insured failed to disclose that she owned additional unscheduled personal property of the value of $27,000. The court avoided the personal property floater of the policy because of the failure to disclose. In reaching its decision the court relied upon a provision of the California Insurance Code which stated a rule similar to that contained in the Restatement of Contracts §472 (1932).

We have concluded that the findings of the trial court are fully supported by the record, and we will not disturb them. Plaintiff's factual assertions are fraught with incredulity. Only the most naive, or the most blissfully ignorant, could believe that they could purchase genuine objects of art valued at $275,000 from an established art dealer and appraiser for less than one-thirteenth of their value. If plaintiff chooses to believe he was dealing in an arms-length transaction with Bueche and received the bargain as represented to him, he is at liberty to do so. However, he cannot bring such naiveté into the market place and fix upon others the consequences of his grossly mistaken judgment. This is especially true in policies of insurance which have traditionally called for good faith, openness and candor on the prospective insured's part. *Carroll v. Preferred Risk Insurance Co.*

The plaintiff argues, though, that he was under no duty to report to defendant the source and purchase price of the art objects because the defendant did not ask him. This argument is aimed at question 19 of the proposal completed by plaintiff which asked whether there was any other material fact "within his knowledge" regarding the proposal which should be submitted for consideration. Plaintiff had answered by simply stating "no."

Plaintiff's duty to disclose the source and price paid for the artifacts and the other particulars attending his purchase pursuant to question 19 arises as a matter of law. Without question this information would be vital to the risk, and if disclosure had been made the cover note would not have issued. Plaintiff's silence under the circumstances constitutes a misrepresentation that must be regarded as material. In providing his answer to question 19 the plaintiff was obliged to furnish the defendant the important information he possessed regarding the discrepancy between the price paid and the contemporaneous appraised value, and the fact that the seller also furnished the appraisals.

Not well taken is plaintiff's assertion that the court committed error in permitting defendant's representative to testify that the cover note would not have been issued if the disclosure had been made. To establish materiality, an employee of the insurance company can testify with regard to the general rating practices of the industry (*Unger v.*

*Metropolitan Life Insurance Co.* (1968), 103 Ill. App. 2d 150, 242 N.E.2d 907) or his own experience as an underwriter (*Moyer v. John Hancock Mutual Life Insurance Co.* (1955), 6 Ill. App. 2d 1, 126 N.E.2d 157; *Campbell v. Prudential Life Insurance Co.; Alperin v. National Home Life Assurance Co.* (1975), 32 Ill. App. 3d 261, 336 N.E.2d 365). Beyond this, the facts in this case are so egregious that it can be determined as a matter of law that the misrepresentation implicit in plaintiff's failure to disclose was material to the risk. *Hancock v. Knights of Security* (1922), 303 Ill. 66, 71, 135 N.E. 33; *Moyer v. John Hancock Mutual Life Insurance Co.*

There is no inconsistency in the finding of the trial court that plaintiff did not enter into a planned scheme to defraud defendant. Fraud is not required to be proved. See *Campbell v. Prudential Insurance Co. of America; Logan v. Allstate Life Insurance Co.;* and Restatement of Contracts §§472 through 476 (1932). Also see section 154 of the Illinois Insurance Code (Ill. Rev. Stat. 1977, ch. 73, par. 766), where it is provided that false misrepresentation will avoid an insurance policy when made either with intent to deceive or when it materially affects either the acceptance of the risk or the hazard assumed by the company.

Affirmed.

KARNS and KASSERMAN, JJ., concur.