A.K. ALLENDER and Suzanne Allender, his wife, Plaintiffs and Counter-defendants,

v.

GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Defendant and Counter-plaintiff.

No. 82 C 6264.

United States District Court, N.D. Illinois, E.D.

Aug. 7, 1984.

Kenneth K. Ditkowsky, Ditkowsky & Contorer, Chicago, Ill., for plaintiffs and counter-defendants.

Peter M. Sfikas, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for defendant and counter-plaintiff.

ROSZKOWSKI, District Judge.

## ORDER

Before the court is defendant's motion for summary judgment. The court's subject matter jurisdiction is based upon 28 U.S.C. § 1332(a). For the reasons set forth below, defendant's motion is granted.

## BACKGROUND

On or about January 1, 1982, plaintiff, A.K. Allender, submitted an application for insurance to defendant, Guardian Life Insurance Company of America ("Guardian"). On his application, Allender stated that his only health impairment was "stress" suffered in "8/81." Upon further inquiry by Guardian, Allender supplemented his application by stating that the "stress" began in July of 1981, lasted only one month, occurred only once and was treated with "rest and relaxation."

On or about May 22, 1982, Allender was hospitalized for circulatory problems. A subsequent investigation of his health history by Guardian revealed that he had undergone repeated, long-term treatment for hypertension and had been prescribed aldomet, propanolol and hydralazine for that condition. As a result of this investigation, Guardian denied Allender's claim for the May hospitalization and rescinded his insurance coverage.

The exact manner in which Allender was notified of Guardian's decision to deny his claim and rescind his coverage is unclear. Defendant attaches a letter addressed to Allender dated September 2, 1982. In that letter, apparently written in response to a letter from Allender dated August 13, 1982, one of defendant's agents explained the basis for the company's decision. In the letter, Allender was offered the opportunity to submit any additional information which might cause the defendant to reconsider its claim determination.

On October 14, 1982, Allender and his wife commenced the instant action against the defendant. In their three count complaint, plaintiffs alleged a breach of contract, intentional infliction of emotional distress and loss of consortium. On March 28, 1984, this court granted defendant partial summary judgment dismissing plaintiff's claim for punitive damages in the breach of contract action and dismissing plaintiff's tort action in its entirety.

Plaintiffs subsequently amended their complaint alleging that defendant violated the Illinois Consumer Fraud Act. Defendant's motion for summary judgment seeks dismissal of the remaining claims for breach of contract, violation of the Illinois Consumer Fraud Act and loss of consortium.

## II. BREACH OF CONTRACT

■ It can readily be established that plaintiff misrepresented his health history. When asked on the insurance application whether or not plaintiff had any past health impairments, plaintiff asserted that he had only suffered "stress" during 8/81. In fact, plaintiff had a seven year history of hypertension which required treatment by the prescribed medications aldomet, propranolol and hydralazine. If defendant can show that the misrepresentation was material, it is irrelevant whether plaintiff made the misrepresentation mistakenly or with intent; if the misrepresentation was material, defendant was entitled to rescind the insurance contract. Chapter 73, § 766 of the Ill.Rev.Stat. provides that a misrepresentation shall not defeat or avoid the policy unless it was made with actual intent to deceive *or materially affects the acceptance of the risk or hazard assumed by the company.* The defendant contends that the misrepresentation was material. The materiality of a misrepresentation to an insurer's risk may be established by an employee or underwriter of the insurance company who testifies to his own experience or the practices of the industry. *Stone v. Those Certain Underwriters at Lloyds,* 81 Ill.App.3d 333, 36 Ill.Dec. 781, 401 N.E.2d 622 (Ill.App. 5th Dist.1980). To that end, defendant submitted an affidavit from its senior underwriter stating that defendant would have rejected plaintiff's application if it had been aware of the plaintiff's history of hypertension.

■ While this court has never passed upon the materiality of hypertension, it cannot be minimized. In other jurisdictions, hypertension has been found to be a material omission warranting summary judgment. *Nichols v. Southern Life Insurance Co.,* 584 F.2d 106 (5th Cir.1978); Cf. *MacKenzie v. Prudential Insurance Company of America,* 411 F.2d 781 (6th Cir.1969); *Courtney v. Dollar Savings Bank of the City of New York,* 54 A.D.2d 868, 388 N.Y.S.2d 593 (1976). Additionally, plaintiff has failed to address or rebut the claim of a material misrepresentation. As a result, the omission must be said to have materially affected the acceptance of the risk assumed by the defendant. Thus, defendant's motion for summary judgment on the breach of contract in Count I is granted.

## III. VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT

A cause of action under the Illinois Consumer Fraud Act requires the plaintiff to allege and prove "unfair or deceptive acts or practice including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact ..." Ill.Rev.Stat. ch. 121½ ¶ 262 (1983).

■ Plaintiff alleges that defendant committed an unfair or deceptive act under the Consumer Fraud Act by making the false promise to insure the plaintiff and by rating the plaintiff without making a prior investigation. Rating insurance applicants is in no way a deceptive act and is provided for in the Illinois Insurance Code, Ill.Rev. Stat. ch. 73, ¶ 1065.18–4(d) (1983). Nor was the defendant under any duty to investigate the veracity of the plaintiff's insurance application. *Jacobson v. Equitable Life Assurance Society of U.S.,* 381 F.2d 955 (7th Cir.1967). Cf. *Apolskis v. Concord Life Ins. Co.,* 445 F.2d 31 (7th Cir. 1971). As this court stated in its order granting partial summary judgment, defendant clearly had a good faith basis for refusal. Aside from mere allegations, the plaintiff has not provided this court with any specific facts or proof that show defendant had intentionally exercised any

544

fraud, deception, false promise or other unfair practices in extending or denying its insurance coverage. Because there is no genuine issue as to any material fact relating to the violation of the Consumer Fraud Act in Count IV, summary judgment is granted.

### III. LOSS OF CONSORTIUM

█ Because loss of consortium claims are derivative in nature and require that the defendant be liable for the injuries to the person whose spouse brings the action, summary judgment is granted to the defendant in Count III. *Jarvis v. Stone*, 517 F.Supp. 1173 (N.D.Ill.1981).

### IV. CONCLUSION

For the reasons set forth herein, defendant's motion for summary judgment as to Counts I, III and IV is granted with the proviso that the plaintiff be returned any consideration that he tendered plus interest.