EUGENE STRATEMEYER, Plaintiff-Appellee, v. LARRY WEST, Defendant-Appellant.

Fifth District    No. 5—85—0026

Opinion filed September 18, 1985.—Rehearing denied October 29, 1985.

William F. Meehan, P.C., of Cairo, for appellant.

Law offices of Guy M. Lahr III & Associates, of Metropolis, for appellee.

JUSTICE KARNS delivered the opinion of the court:

This appeal concerns an action brought in the circuit court of Massac County by plaintiff, Eugene Stratemeyer, to recover the value of labor and materials furnished to defendant, Larry West, pursuant to a contract for the construction of a grain storage bin on defendant's agricultural property. West confessed judgment subject to this appeal, which challenges the trial court's orders striking his affirmative defenses.

The first issue presented is whether Stratemeyer's suit is barred by the doctrine of *res judicata.* The instant contract was part of a series of agreements executed in August 1980. Stratemeyer agreed to install grain bins on several farms owned by West's agricultural partnership, and located in Johnson, Pope, and Massac Counties. The agreements are manifested by separate invoices describing material, labor, and price. Additionally, "invoice 2483" is a separate document which lists the several invoices by number and describes the terms and conditions of payment, calling for an annual interest rate of 14% and requiring payment on all invoices on or before December 31, 1980. In 1983, Stratemeyer recovered a judgment against West in Johnson County on the grain bin contracts he performed there. In that suit, as in the action at bar, the invoices sued upon were attached to the initial complaint along with invoice No. 2483.

■■ ■ The doctrine of *res judicata* provides that a final judgment on the merits is conclusive as to the rights of the parties and their privies and, as to them, precludes a subsequent suit involving the same claim, demand, or cause of action. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251, 461 N.E.2d 959, 961-62; *Cravens v. Huff* (1985), 131 Ill. App. 3d 787, 476 N.E.2d 59.) In order for a prior judgment to be raised as an absolute bar, there must exist between the two actions an identity of parties, of subject matter and of cause of action. *Riley v. Singer* (1979), 75 Ill. App. 3d 1036, 1041, 394 N.E.2d 746, 750.

West insists that the debt involved in both the instant case and in the Johnson County suit are based on the same contract, that is, invoice 2483, and that Stratemeyer is therefore barred from bringing a

subsequent claim by failing to raise it in the first action. Stratemeyer asserts obversely that the projects represented in each invoice involve different grain bins, built in different counties at different times, and as such comprise the subject of divisible contracts. He apparently views invoice 2483 as a separate document, explanatory of the terms and conditions of payment relating to each distinct and severable invoice. If the invoices are indeed divisible contracts, then *res judicata* is inapplicable because no identity of subject matter and cause of action would exist in the two suits between Stratemeyer and West.

■■■ The question of whether a contract is severable depends on the intention of the parties as manifested by the specific contract terms. (*Mineral Resources, Inc. v. Classic Coal Corp.* (1983), 115 Ill. App. 3d 114, 120, 450 N.E.2d 379, 383.) Factors which are helpful in finding the intention of the parties are whether performance by one party consists of distinct and separate items and whether the price paid by the other party is apportioned to each item being performed. (*Kaplan v. Keith* (1978), 60 Ill. App. 3d 804, 808, 377 N.E.2d 279, 281.) We think the series of invoices included in the record clearly describes numerous, segregated obligations of performance calling for varied amounts of payment. Invoice 2483 should be characterized as a document which defines the terms of payment as to the several contracts, rather than a single instrument integrating a group of invoices, as defendant would have us conclude. The agreements manifested by the various invoices are independent of each other, and Stratemeyer is not barred from maintaining separate lawsuits on the respective obligations.

West's second affirmative defense averred a lack of privity of contract between him and Stratemeyer. Each of the contracts was executed on the same day by Alan Falconer, West's managing partner in the agricultural business for which the grain bins were built. In the Johnson County suit, West defended on essentially the same grounds. The court concluded that Falconer's execution of the contract bound West on its obligations by virtue of their partnership agreement and the attendant agency relationship. That position was affirmed on appeal. (*Stratemeyer v. West* (1984), 125 Ill. App. 3d 597, 466 N.E.2d 306.) West advances the untenable position that he has the right to relitigate the question of Falconer's authority to obligate West on the Massac County grain bin contract.

■■ ■ Collateral estoppel, or issue preclusion, is the second branch of *res judicata* and is founded on the same policy, that is, to promote judicial economy and prevent repetitive litigation. To determine whether issue preclusion should be applied, the only pertinent

questions are whether the issue decided in the prior adjudication is the same as the one presented in the suit in question, whether there has been a final judgment on the merits, and whether the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. (*Illinois State Chamber of Commerce v. Pollution Control Board* (1979), 78 Ill. 2d 1, 398 N.E.2d 9; *Brumley v. Touche Ross & Co.* (1984), 123 Ill. App. 3d 636, 463 N.E.2d 195.) It has also been stated that the doctrine applies only to a controlling fact or question material to the determination of both causes. (*City of Naperville v. Morgan* (1984), 126 Ill. App. 3d 91, 466 N.E.2d 1349; *Ogle v. Fuiten* (1983), 112 Ill. App. 3d 1048, 445 N.E.2d 1344, *aff'd* (1984), 102 Ill. 2d 356, 466 N.E.2d 224.) Each of these elements has been established in the controversy between Stratemeyer and West.

For the foregoing reasons, the judgment of the circuit court of Massac County is affirmed.

Affirmed.

WELCH and KASSERMAN, JJ., concur.