In re MARRIAGE OF JOHN W. WARDELL, Petitioner-Appellee, and CAROL J. WARDELL, Respondent-Appellant.

Second District   No. 2—85—0752

Opinion filed October 29, 1986.—Rehearing denied December 18, 1986.

Ilene D. Johnson and William G. Clark, Jr., both of Chicago, for appellant.

No brief filed for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Respondent, Carol J. Wardell, appeals from an order of the circuit court denying her post-decree petition for attorney fees and to compel petitioner, John W. Wardell, to pay a judgment entered against the parties subsequent to the dissolution of marriage. The wife contends (1) that she was entitled to recover attorney fees incurred through the husband's fault; and (2) that her petition to compel the husband to satisfy a judgment obtained against the parties was not barred by the doctrine of *res judicata*, as was determined by the trial court.

In March 1982 the husband filed a petition for dissolution of marriage and thereafter the wife filed a counterpetition. The parties were married 29 years and had five children, of whom only one, Douglas, was a minor at the time the petition for dissolution was filed.

During the pendency of the dissolution action, Douglas was institutionalized in various facilities for treatment of chronic psychiatric problems. In May 1982 the court ordered the parties to obtain a third mortgage on the marital residence in order to finance Douglas' treatment, requiring the husband to make payment of the mortgage. In June 1983 the court ordered the husband to enroll Douglas in Eau Claire Academy, a long-term residential care facility, and to pay the tuition due upon admission; the husband then signed a contract with the facility assuming financial responsibility for the costs of Douglas' care. Douglas reached his majority in August 1983 and, in proceedings in the probate division of the circuit court, was declared a disabled person and a guardian appointed for him. In September 1983 the court ordered the parties to execute a note and mortgage in the amount of $11,790 to obtain funds to pay Eau Claire Academy.

In March 1984 the circuit court entered an order on the wife's counterpetition dissolving the marriage and awarded the following marital property to the husband:

(1) his interest in his law practice;

(2) IRA account in the amount of $20,734;

(3) Merrill Lynch account in the amount of $3,000;

(4) cash surrender value of his life insurance policy in the amount of $11,760;

(5) one-half of the proceeds from the sale of stock owned by the parties;

(6) promissory note from husband's business partner in the amount of $1,022; and

(7) promissory note from the law firm in the amount of $21,000.

The court awarded the wife the following marital property:

(1) her pension;

(2) one-half of the proceeds from the sale of stock owned by the parties;

(3) various personal property;

and the following nonmarital property:

(4) $6,000 remaining as proceeds of a personal injury award;

(5) property in Arizona valued at $85,000; and

(6) savings account in the amount of $9,800.

The court awarded the wife maintenance and ordered each party to pay their own attorney fees. The court further ordered the marital residence and adjoining five-acre lot be listed for sale and sold. Upon sale, the net proceeds, after payment of the costs of sale and liens, were to be divided 60% to the wife and 40% to the husband.

The judgment of dissolution provided that each party pay one-half of the debt owed the Wayland Academy and that the wife pay a debt owed the Chicago Lake Shore Hospital. It further provided that each party be solely responsible for any debts or obligations incurred by them since they separated in May 1982.

On April 20, 1984, the husband filed a petition for reconsideration of the judgment of dissolution, which the court denied. The wife petitioned for a rule to show cause alleging the husband's failure to pay maintenance and to list the marital residence for sale, and the court issued a rule against the husband. In November 1984 the husband also petitioned for a rule to show cause alleging the wife's refusal to sign a listing agreement for the five-acre lot adjoining the marital residence. On November 28 the wife petitioned for another rule to show cause alleging that the husband failed to liquidate the stock owned by the parties and distribute one-half of the proceeds to her. The court ordered the husband to account for the stock and pay the wife the proceeds. The court also ordered the wife to sign the listing agreement.

On January 14, 1985, the husband filed a petition alleging that Clinicare Corporation, which operated the Eau Claire Academy, had filed suit against the parties to collect $19,085.90 for care of the child. The husband sought an order allocating this debt equally between the parties and requiring that it be paid from the proceeds of the sale of the marital residence. On January 25, 1985, the court denied the hus-

band's petition, and thereafter Clinicare obtained a judgment against both parties and caused a lien to be placed upon the marital residence. On May 6, 1985, the wife filed a petition seeking to compel the husband to pay the judgment rendered in favor of Clinicare. The court denied the wife's petition on the ground that it was barred by the res judicata effect of the court's order of January 25, 1985.

The wife then sought to recover attorney fees in the amount of $6,067.50 incurred in responding to the husband's petition to reconsider and in instituting contempt proceedings against the husband. After holding a hearing on the matter, the court denied an award of fees, finding that the wife had caused the fees to be incurred and that the parties' relative abilities to pay their own attorney fees had not changed since entry of the judgment of dissolution.

We note initially that the husband has not filed a brief in this court and we consider the issues pursuant to the standard set forth in First Capital Mortgage Corp. v. Talandis Construction Corp. (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The wife first contends the trial court abused its discretion in denying her petition for attorney fees. The petition sought an award of $6,067.50 for fees incurred by her in various matters related to the dissolution from March 15, 1984, to January 9, 1985. These matters, as set forth in her attorney's time sheet and in his testimony, included the defense of the husband's motion to reconsider and the wife's institution of contempt proceedings against the husband. In denying the petition, the judge stated:

"I find that the relative financial abilities of the parties are not dissimilar and that the general financial circumstances of the parties have not changed substantially since the entry of the judgment. I also find that the time expended by Mr. Clark [wife's attorney] was, in great part, for the motion to reconsider and matters caused by the conduct of his client and that his hours of service exceed those which were necessary if the skill and standing reflected in his stipulated hourly rates of charge for services is accepted."

■ The allowance of attorney fees is within the discretion of the trial court, and its determination will not be overturned unless that discretion has been abused. (Hofmann v. Hofmann (1983), 94 Ill. 2d 205, 229, 446 N.E.2d 499; In re Marriage of Angiuli (1985), 134 Ill. App. 3d 417, 423, 480 N.E.2d 513.) Under the standards set forth in section 508(a) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1985, ch. 40, par. 508(a)), the trial court may order either spouse to pay a reasonable amount for attorney fees neces-

sarily incurred by the other spouse in any proceeding under the Act.

■■ ■ The general rule is that the party seeking an award of attorney fees must show his own financial inability to pay and the financial ability of the other spouse. (*In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 299-300, 483 N.E.2d 1229.) However, a party who must use judicial process to obtain compliance with the terms of a decree of dissolution is entitled to reasonable attorney fees, even absent a showing of his own inability to pay. (*In re Marriage of Moriarty* (1985), 132 Ill. App. 3d 895, 900, 478 N.E.2d 537; *In re Marriage of Donahoe* (1983), 114 Ill. App. 3d 470, 477, 448 N.E.2d 1030.) In determining the fee award, the trial court is to consider the following factors: the importance, novelty and difficulty of the questions raised, the degree of responsibility of the attorney, the time and labor required, the benefits resulting to the client, the skill and standing of the attorneys employed, the usual and customary charge in the community, and the financial position of the parties. *In re Marriage of Angiuli* (1985), 134 Ill. App. 3d 417, 423, 480 N.E.2d 513; *Donnelley v. Donnelley* (1980), 80 Ill. App. 3d 597, 602, 400 N.E.2d 56.

■ The record supports a denial of fees for the wife's defense of post-decree motions brought by the husband, as it showed that the parties continued to have the financial means to pay their own attorney fees. An award of attorney fees incurred in connection with the wife's two petitions for rule to show cause would have been proper; however, the judge questioned the amount of time claimed expended by her attorney. Under the circumstances, we cannot find that the court abused its discretion in declining to award fees which it found to be unreasonable for the services rendered.

■ The wife next contends that the circuit court erred in finding that her petition to compel the husband to satisfy the judgment obtained by Clinicare Corporation was barred by the doctrine of *res judicata*. The wife's petition alleged that subsequent to the judgment of dissolution Clinicare Corporation obtained a judgment against the parties which attached as a lien against the yet unsold marital residence. The husband had previously filed a petition to allocate the Clinicare debt between the parties, which was denied by the circuit court. No appeal was ever taken from the order. In considering the wife's petition, the court found that the relief sought was barred by the court's prior ruling on the husband's petition, stating:

> "The petitions have a common objective: to protect the share of the filing party in the proceeds of the yet to be sold former marital residence."

The doctrine of *res judicata* provides that a final judgment ren-

dered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251, 461 N.E.2d 959; *Lester v. Arlington Heights Federal Savings & Loan Association* (1985), 130 Ill. App. 3d 233, 238, 474 N.E.2d 33, *appeal denied* (1985), 106 Ill. 2d 555; *Stratemeyer v. West* (1985), 136 Ill. App. 3d 1095, 1096, 484 N.E.2d 399, *appeal denied* (1986), 111 Ill. 2d 579.) The doctrine of *res judicata* applies only to facts and conditions as they existed when the judgment was rendered. *Rotogravure Service, Inc. v. R.W. Borrowdale Co.* (1979), 77 Ill. App. 3d 518, 526, 395 N.E.2d 1143; *La Salle National Bank v. City of Chicago* (1977), 54 Ill. App. 3d 944, 955, 369 N.E.2d 1363.

■■ ■ The wife contends that *res judicata* does not apply to the present case because the husband's petition was brought before the Clinicare debt was reduced to judgment. In order for a subsequent fact to render the bar of a prior judgment inoperable, it must constitute a material change of circumstances. An essential element of *res judicata* is that there be an identity of causes of action, meaning an identity of the facts essential to the maintenance of the action. (*La Salle National Bank v. City of Chicago* (1977), 54 Ill. App. 3d 944, 955, 369 N.E.2d 1363.) A change of fact will not effect an estoppel if no new element is introduced and the legal rights and relations of the parties remain as before. (*Witherstine v. Snyder* (1924), 231 Ill. App. 240, 244.) If the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the two causes of action asserted and *res judicata* bars the latter action. (*Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 157, 421 N.E.2d 278, *appeal denied* (1981), 85 Ill. 2d 567.) For this reason, when *res judicata* is established, the prior judgment is deemed conclusive not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other matter which might have been offered for that purpose. *Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251-52, 461 N.E.2d 959; *Builders Plumbing Supply Co. v. Zambetta* (1986), 143 Ill. App. 3d 188, 191-92, 492 N.E.2d 977.

■ A judgment operates as *res judicata* of the claim presented in a later action when the facts and relief sought in both actions are substantially the same. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251-52, 461 N.E.2d 959; *Cravens v. Huff* (1985), 131 Ill. App. 3d 787, 790, 476 N.E.2d 59, *appeal denied* (1985), 106 Ill. 2d 553.) The

petitions of the husband and the wife in the present case sought essentially the same relief, namely, an allocation of the Clinicare debt in relation to distribution of the net proceeds of the sale of the marital residence. The fact that the debt was reduced to judgment in the interim did not materially alter the facts giving rise to the wife's cause of action. The existence of an unallocated debt was the essential fact upon which both petitions rested, and we conclude the doctrine applied in this case.

The wife also contends that the imposition of the lien against the marital residence justified reopening of the judgment for dissolution; however, she did not seek to reopen the judgment in the trial court and now cites no authority to support the allowance of such relief, contrary to Supreme Court Rule 341(e)(7) (103 Ill. 2d R. 341(e)(7)), and that argument will not be considered. *People v. Ramirez* (1983), 98 Ill. 2d 439, 472, 457 N.E.2d 31.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HOPF and UNVERZAGT, JJ., concur.