GORDON R. STONE, Plaintiff-Appellant, v. SALVAGE & BRIDGES AGENCY, INC., Defendant and Third-Party Plaintiff-Appellee (W.A. Schickedanz Agency, Inc., Third-Party Defendant and Fourth-Party Plaintiff; Lionel Sage Company, Ltd., n/k/a Gibbs Hartley Cooper Limited, *et al.*, Fourth-Party Defendants).

Fifth District   No. 5—88—0663

Opinion filed December 31, 1990.

G. Richard Jones, of Carr, Korein, Schlichter, Tillery, Kunin & Montroy, of East St. Louis, for appellant.

Sanford Goffstein and Michael S. Weinberg, both of Weiss, Goffstein, Kraus, Seigel & Sherman, of St. Louis, Missouri, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Plaintiff Gordon R. Stone filed a complaint against defendant Salvage & Bridges Agency, Inc. (Salvage & Bridges), alleging negligence and breach of contract for failure to properly insure certain art objects. Defendant filed a third-party complaint against the W.A. Schickedanz Agency, Inc., which in turn filed a fourth-party complaint against the Lionel Sage Co., Ltd., and Certain Underwriters at Lloyds, London, England (Lloyds). The third- and fourth-party complaints were subsequently dismissed and are not involved in this appeal. The trial court granted summary judgment in favor of defendant Salvage & Bridges on the basis of collateral estoppel and this court's decision in *Stone v. Those Certain Underwriters at Lloyds, London, Subscribing to Cover Note No. SL 10001* (1980), 81 Ill. App. 3d 333, 401 N.E.2d 622 (*Stone v. Lloyds*). Because this case involves the doctrine of collateral estoppel, it is necessary to relate the facts underlying the disposition in *Stone v. Lloyds*.

In 1975 the plaintiff purchased 14 Oriental art objects from Charles Bueche for $19,800. Bueche provided plaintiff with an appraisal of the items in which he stated their value to be $275,800. Thereafter, plaintiff contacted Stephen Smith of Salvage & Bridges for the purpose of insuring the art objects for their appraised value. Plaintiff provided Smith with the appraisal by Bueche. After Smith was unsuccessful in obtaining coverage from two companies which

Salvage & Bridges represented, he contacted Jack Miller at the W.A. Schickedanz Agency, a specialty broker, to aid in insuring the items. Miller contacted Lloyds which sent an application form which included the following question (No. 19):

"Is there any other material fact, within your knowledge, regarding the proposal of insurance, which should be submitted to the Insurers for consideration?"

Smith read the question to the plaintiff and he responded "no." Plaintiff never advised Smith that he had purchased. the art objects for $19,800, nor that the man who had appraised the items was the same man who had sold them to plaintiff. Smith, however, never asked plaintiff for this information, nor did he attempt to explain what type of information was requested by question 19.

On August 8, 1975, Lloyds issued a cover note of insurance on the art objects in the amount of the appraisal, $275,800. In March of 1976 all the items, except a boxwood screen, were taken from plaintiff's apartment in a burglary. Plaintiff notified Lloyds of the loss, but it declined payment after it discovered the discrepancy between plaintiff's cost of the items and the appraised value and that the seller of the items had also furnished the appraisal. Plaintiff filed suit on the policy seeking to recover $245,800 for the stolen items. Lloyds filed an answer and two affirmative defenses, the first for rescission due to material misrepresentations and the second for reformation of the coverage to reflect the true nature and value of the items.

After trial, the trial court entered judgment for Lloyds on its first affirmative defense, rescinded the cover note, and directed Lloyds to refund the premium paid. The trial court found that the art objects did not remotely approach the value of $275,800 and that statements as to the nature and the value of the items were material. The court also found that if information concerning the transaction between plaintiff and Bueche had been submitted to Lloyds, the coverage would not have been issued, and the failure to reveal such facts prevented Lloyds from properly appraising its risk. Finally, the court found that the plaintiff had not entered into a planned scheme to defraud Lloyds.

The plaintiff appealed the trial court's judgment, and this court stated that the question presented was whether the plaintiff's failure to disclose the wide variation between purchase price and the contemporaneous appraised value and the fact that the seller and the appraiser were the same person constituted a misrepresentation that affected the materiality of the risk and furnished grounds for rescission. (*Stone v. Lloyds*, 81 Ill. App. 3d at 336, 401 N.E.2d at 624.) This

court affirmed the trial court's judgment rescinding the insurance coverage. Because the findings and rationale of the *Stone v. Lloyds* court are important to our decision in this case, they are set out below at some length.

"We have concluded that the findings of the trial court are fully supported by the record, and we will not disturb them. Plaintiff's factual assertions are fraught with incredulity. Only the most naive, or the most blissfully ignorant, could believe that they could purchase genuine objects of art valued at $275,000 from an established art dealer and appraiser for less than one-thirteenth of their value. If plaintiff chooses to believe he was dealing in an arms-length transaction with Bueche and received the bargain as represented to him, he is at liberty to do so. However, he cannot bring such naivete into the marketplace and fix upon others the consequences of his grossly mistaken judgment. This is especially true in policies of insurance which have traditionally called for good faith, openness and candor on the prospective insured's part. *Carroll v. Preferred Risk Insurance Co.*

The plaintiff argues, though, that he was under no duty to report to defendant the source and purchase price of the art objects because the defendant did not ask him. This argument is aimed at question 19 of the proposal completed by plaintiff which asked whether there was any other material fact 'within his knowledge' regarding the proposal which should be submitted for consideration. Plaintiff had answered by simply stating, 'no.'

*Plaintiff's duty to disclose the source and price paid for the artifacts and the other particulars attending his purchase pursuant to question 19 arises as a matter of law.* Without question this information would be vital to the risk, and if disclosure had been made the cover note would not have issued. Plaintiff's silence under the circumstances constitutes a misrepresentation that must be regarded as material. In providing his answer to question 19 the plaintiff was obliged to furnish the defendant the important information he possessed regarding the discrepancy between the price paid and the contemporaneous appraised value, and the fact that the seller also furnished the appraisals.

\*\*\* Beyond this, the facts in this case are so egregious that it can be determined as a matter of law that the misrepresentation implicit in plaintiff's failure to disclose was material to the

risk." (Emphasis added.) *Stone v. Lloyds,* 81 Ill. App. 3d at 338-39, 401 N.E.2d at 626.

Subsequent to the decision in *Stone v. Lloyds,* the plaintiff filed a two-count complaint against Salvage & Bridges which is the subject of this appeal. Count I of plaintiff's complaint alleges breach of contract for failure to obtain insurance. Count II alleges that the defendant, in procuring insurance coverage, negligently:

"(a) Failed to disclose necessary information to Lloyds of London relating to the purchase price of said property and to the identity of the appraiser of said property, when it knew or in the exercise of ordinary care should have known, that the failure so to disclose such information would result in the policy so obtained to be invalid and non-binding.

(b) Failed to inform the plaintiff that the issuance of a valid insurance policy required the disclosing of information as to the purchase price of said property and as to the identity of the appraiser of said property.

(c) Failed to cause said objects to be insured by an insurance company willing to cover the risks based upon the facts surrounding the purchase of said properties and the appraisal of said properties.

(d) Failed to inform the plaintiff that said agency was incapable of procuring a valid insurance policy on said objects so as to protect plaintiff against loss in the sum of $275,800."

Defendant filed a motion for summary judgment in which it contended that plaintiff's claim was dependent upon the issue of whether the defendant had a duty to inform plaintiff that he must disclose the information concerning the purchase price and appraisal of the art objects. Defendant argued that since *Stone v. Lloyds* found that plaintiff had a duty as a matter of law to disclose such information, the plaintiff was estopped from contending that defendant failed to inform him that disclosure was required. As related earlier, the trial court granted defendant's motion and plaintiff now appeals, contending that the issue resolved in *Stone v. Lloyds* was different from the issues presented by this case. For the reasons stated below, we affirm the judgment of the trial court.

"The doctrine of collateral estoppel applies when a party or someone in privity with a party participates in two separate and consecutive cases arising on *different* causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former suit by a court of competent jurisdiction." (Emphasis in original.) (*Housing Authority v.*

*YMCA* (1984), 101 Ill. 2d 246, 252, 461 N.E.2d 959, 962.) However, the judgment in the first suit will act as an estoppel only to issues actually litigated and determined and not to other matters which might have been determined. (*Housing Authority,* 101 Ill. 2d at 252, 461 N.E.2d at 962; *Buttitta v. Newell* (1988), 176 Ill. App. 3d 880, 882, 531 N.E.2d 957, 958.) In determining whether collateral estoppel should be applied, the relevant questions are whether the issue decided in the prior adjudication is the same as that presented in the case at bar, whether there has been a final judgment on the merits, and whether the party against whom the estoppel is asserted was a party or in privity with a party to the prior suit. (*Stratemeyer v. West* (1985), 136 Ill. App. 3d 1095, 1097-98, 484 N.E.2d 399, 401.) In addition, the party sought to be estopped must have had a full and fair opportunity to litigate the issue and an injustice must not be done to him under the circumstances of the later case. (*Buttitta,* 176 Ill. App. 3d at 882, 531 N.E.2d at 958.) In determining whether the issues in the prior and subsequent cases are the same, a court should realistically and rationally consider the record "within a practical framework and viewed with an eye to all the circumstances of the proceedings." *People v. Shlensky* (1983), 118 Ill. App. 3d 243, 246, 454 N.E.2d 1103, 1106.

The pivotal issue in this case is whether there is an identity of issues between the instant case and *Stone v. Lloyds.* While it seems clear that plaintiff's duty to disclose the facts surrounding the purchase of the art objects is an important issue, is it the cornerstone of his complaint, such that all his allegations necessarily rest upon it? In other words, given plaintiff's duty to disclose the circumstances of his transaction, is there any remaining genuine issue of material fact with respect to the allegations of defendant's negligence or breach of contract? We believe that the answer to the latter question is no.

■ With respect to count I of plaintiff's complaint alleging breach of contract, we find the plaintiff is estopped from claiming such a breach. The oral contract to obtain insurance which existed between the plaintiff and the defendant Salvage & Bridges suffers from the same infirmity as the contract between plaintiff and Lloyds. Plaintiff's failure to reveal the circumstances surrounding the purchase and appraisal of the art objects constituted a material misrepresentation which furnished grounds for rescission of both the contract of insurance with Lloyds and the contract to procure insurance with defendant Salvage & Bridges. (*Cf. Stratemeyer v. West* (1985), 136 Ill. App. 3d 1095, 484 N.E.2d 399.) We find no error by the trial court in granting summary judgment on count I of plaintiff's complaint.

Turning to count II, it is clear that the allegations of negligence contained in subparagraphs (a), (c) and (d) of plaintiff's complaint are completely dependent upon the allegation contained in subparagraph (b), charging that defendant was negligent in failing to inform plaintiff that it was necessary to disclose the information regarding purchase price and the identity of the appraiser. For example, subparagraph (a) charges defendant with failing to disclose the aforementioned information to Lloyds when it should have known that such a failure would invalidate the insurance policy. Obviously, however, the defendant could not disclose what it did not know; only if defendant was negligent in failing to discover the facts can negligence be based upon its failure to disclose. Subparagraphs (c) and (d) are similarly predicated on the underlying allegation of defendant's failure to discover the facts and inform plaintiff of the necessity for disclosure.

■■ The only remaining question, therefore, is whether the finding of this court in *Stone v. Lloyds* that plaintiff had a duty as a matter of law to disclose the circumstances of the purchase and appraisal of the art objects to Lloyds is dispositive of the issue of defendant's duty to inform the plaintiff that this information must be disclosed. While an insurance broker may have a duty to make reasonable inquiry of those seeking his services (see *Shults v. Griffin-Rahn Insurance Agency, Inc.* (1990), 193 Ill. App. 3d 453, 550 N.E.2d 232), this court has already determined, as a matter of law, that in this case the duty to disclose rested upon the plaintiff. We believe, therefore, that the decision in *Stone v. Lloyds* is dispositive of the issue presented in the instant case, and we find that the trial court correctly granted summary judgment for the defendant.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

RARICK, P.J., and GOLDENHERSH, J., concur.