CHARLES KAPLAN *et al.*, Plaintiffs-Appellants, *v.* SEYMOUR KEITH *et al.*, Defendants-Appellees.

First District (4th Division)   No. 76-1473

Opinion filed May 25, 1978.

Gaines and Boyer, of Chicago, for appellants.

Keith and Greenblatt, of Chicago (Joseph A. Macaluso and Lewis B. Greenblatt, of counsel), for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal of an order of the circuit court of Cook County sustaining a motion to dismiss a complaint. The complaint was brought for damages under a real estate sale contract, and to set aside a release agreement signed by Charles and Judy Kaplan (hereinafter called "plaintiffs"). This agreement was incorporated into the closing statement

of the sale and released the sellers, Seymour and Ruth Keith (hereinafter called "defendants"), from liability for repair or replacement of any damages to the property, occurring during the period of time between the execution of the real estate sale contract and the closing.

The issues presented for review are (1) whether the court below erred in granting the defendants' motion to dismiss, by finding no set of facts could be proved under the pleadings which would establish duress, (2) whether the real estate sale contract and the release agreement are severable, thereby allowing for rescission of only the release agreement, and (3) whether the circuit court in the chancery division erroneously transferred the cause to the law division.

■■ The facts of the transaction are substantially taken from the allegations in the plaintiffs' amended complaint, and are admitted by the defendants for purposes of the motion to dismiss (see *People v. Sterling* (1934), 357 Ill. 354, 192 N.E. 229; *Phillips Construction Co. v. Muscarello* (1976), 42 Ill. App. 3d 151, 355 N.E.2d 567).

On January 29, 1975, the plaintiffs entered into a contract to purchase the defendants' home. Paragraph 11 of that contract provides:

> "Seller agrees to deliver possession of the real estate in the same condition as it is at the date of this contract, ordinary wear and tear excepted."

The closing of the sale was scheduled for July 21, 1975. The plaintiffs learned shortly before the closing that various items which were purchased with the house had been removed by the defendants and portions of the house had been damaged. When these facts were called to the defendants' attention, they refused to close the sale unless they were given a release. The plaintiffs executed the release, as a clause added to the closing statement, and were given a $500 credit against the purchase price. The plaintiffs had no alternative place to move as they had sold their house and had to give up possession on or about the date set for closing. After moving into the house they purchased from the defendants, the plaintiffs learned other items included in the purchase were defective, contrary to prior representations made by the defendants.

The plaintiffs filed an action to set aside the release and for damages. The defendants filed a motion to dismiss. The original complaint was stricken by the court with leave given to file an amended complaint. The plaintiffs thereupon filed an amended complaint. The defendants filed another motion to dismiss, on the basis the plaintiffs' claim was barred because of a valid release, and this motion was sustained with prejudice. The plaintiffs now appeal this order of dismissal.

It is well established in Illinois procedural law, a motion to dismiss admits all facts well pleaded and a cause of action should not be

dismissed on the pleadings unless it clearly appears no set of facts can be proved under the pleadings which will entitle the plaintiffs to recover (*Country Mutual Insurance Co. v. Drendel* (1969), 116 Ill. App. 2d 466, 252 N.E.2d 757; *White Way Sign & Maintenance Co. v. Montclare Lanes, Inc.* (1976), 42 Ill. App. 3d 199, 355 N.E.2d 632). The defendants do not deny this, but rather contend the plaintiffs released the defendants from all liability. The plaintiffs, however, claim they have alleged facts in the complaint which would establish duress and thereby negate the validity of the release.

As to this claim the defendants maintain (1) the refusal of the defendants to consummate the transaction was not unlawful, and therefore, as a matter of law, duress could not be established, and (2) the plaintiffs could have sued to specifically enforce the real estate sale contract rather than entering into the release.

The Illinois Supreme Court, in *Kaplan v. Kaplan* (1962), 25 Ill. 2d 181, 181 N.E.2d 706, recognized duress imposed by acts which are wrongful on a moral basis and, speaking through Mr. Justice Daily, stated:

"Duress has been defined as a condition where one is induced by a wrongful act or threat of another to make a contract under circumstances which deprive him of the exercise of his free will, and it may be conceded that a contract executed under duress is voidable. [Citations.] Acts or threats cannot constitute duress unless they are wrongful; however, the rule is not limited to acts that are criminal, tortious or in violation of a contractual duty, but extends to acts that are wrongful in a moral sense. * * * '[T]he threat must be of such nature and made under such circumstances as to constitute a reasonable and adequate cause to control the will of the threatened person, and must have that effect, and the act sought to be avoided must be performed by the person while in that condition* * *.' " *Kaplan,* 25 Ill. 2d 181, 185-86.

■■ Ordinarily, a threat to break a contract does not constitute duress, and to infer duress, there must be some probable consequences of the threat for which the remedy for the breach afforded by the courts is inadequate. If there is no full and adequate remedy from the courts for the breach, the coercive effect of the threatened action may be inferred.

The plaintiffs had no freedom of choice. If they resisted the defendants' demand for release they had no place to move with their family, during the time needed to enforce their contractual claim through the judicial process. To prevent these consequences they were compelled to comply with the defendants' demands.

■■ After a complete review of the entire record, it is our opinion the pleadings in this case raise a material and genuine question of fact relating

to the validity of the purported release, and if the alleged facts can be proved the plaintiffs will be entitled to relief. Defendants' motion to dismiss should have been denied.

The defendants raise an issue separate from the issue of duress, as to whether a partial rescission of the total real estate sale contract is proper. They argue, to rescind the release would require a rescission of the contract in toto.

After examining the defendants' motion to dismiss and the order sustaining the motion, it can be concluded the court below ruled the plaintiffs failed to allege facts giving rise to a cause of action for duress. The court did not look into the issue of whether the release portion of the contract can properly be severed from the full real estate sale contract.

■■ Although this court is not required to decide issues not adjudged below, we find it obligatory to point out the rule that rescission of a contract must be in toto does not apply to a contract of which the parts are so severable as to form independent contracts (see *Keeler v. Clifford* (1897), 165 Ill. 544, 46 N.E. 248; *Keeshin v. Levin* (1975), 31 Ill. App. 3d 790, 334 N.E.2d 898). The question of whether a contract is severable cannot be determined by any precise rule, but must depend upon the intention of the parties. Factors aiding in finding the intention of the parties are whether performance by one party consists of distinct and separate items and whether the price paid by the other party is apportioned to each item being performed.

After a thorough reading of the entire record it is apparent the release agreement is severable from the real estate sale contract.

■■ The price paid as consideration for the plaintiffs' execution of the release ($500) was directly apportioned to the release and is so easily separated from the real estate sale contract that it forms an independent contract. Rescission of the release while the real estate sale contract is upheld is proper under these circumstances.

The plaintiffs also maintain rescission is an equitable action, a determination of such action is necessary in this matter before an action on the contract is permitted and, therefore, the chancery division of the circuit court improperly transferred the pending complaint to the law division.

Generally, where judgment is reversed on one ground, other grounds of reversal assigned will not be passed upon (see *City of Chicago v. Callender* (1947), 396 Ill. 371, 71 N.E.2d 643; *Minnis v. Friend* (1935), 360 Ill. 328, 196 N.E. 191). In the case at bar, we have determined to reverse the lower court's dismissal of the complaint on the issue of duress, and we need not decide the propriety of the transfer of the complaint. However, since this issue may arise on retrial, and since the issue can be simply and summarily decided, we choose to settle the question at this time.

■■  As this court has held:

"* * * [T]he Judicial Article embodied in the Illinois Constitution of 1970 has abolished the distinction between courts of law and equity so that our State's circuit courts have 'original jurisdiction of all justiciable matters.' (Ill. Const. 1970, art. VI, sec. 9.) The purpose of section 9 was to create a single integrated trial court structure (Ill. Ann. Stat., Ill. Const., art. VI, sec. 9, Constitutional Commentary (Smith-Hurd 1971)), thereby vesting the circuit courts with jurisdiction to adjudicate all controversies. * * * [Citation]; see also Fins, *Re-Examination of 'Jurisdiction' in Light of New Illinois Judicial Article,* 53 Ill. Bar. J. 8, 11-12 (1964)."

*Lopin v. Cullerton* (1977), 46 Ill. App. 3d 378, 380, 361 N.E.2d 6.

The Illinois Civil Practice Act specifies the form of actions to be filed in the circuit court. The section entitled "Forms of Action" provides, in pertinent part:

"Neither the names heretofore used to distinguish the different ordinary actions at law, nor any formal requisites heretofore appertaining to the manner of pleading in those actions, respectively, are necessary or appropriate, and there shall be no distinctions respecting the manner of pleading between actions at law and suits in equity* * *." Ill. Rev. Stat. 1975, ch. 110, par. 31.

■■  Since jurisdiction over the cause of action was vested generally in the circuit courts, which are organized and divided for administrative convenience, the transfer of the equitable cause of action from the chancery division to the law division does not limit the remedy available to one at law. Equitable relief is available even though the case is in the law division. No error resulted from the transfer of the plaintiffs' claim.

For the foregoing reasons the judgment of the circuit court of Cook County is hereby reversed and this cause is remanded to that court for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

JOHNSON, P. J., and LINN, J., concur.