FIRST NATIONAL BANK OF HOFFMAN ESTATES, Plaintiff-Appellee, v. JOSEPH L. FABBRINI *et al.*, Defendants-Appellants.

First District (4th Division)   No. 1—93—1336

Opinion filed October 14, 1993.

Pauker & Rubin, of Chicago, for appellants.

Teller, Levit & Silvertrust, P.C., of Chicago (Edward S. Margolis, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, the First National Bank of Hoffman Estates (Bank), filed a mortgage foreclosure action against the defendants, Joseph L. Fabbrini and Kathleen E. Fabbrini, in the chancery division of the circuit court of Cook County. The Fabbrinis moved the court to stay the proceeding until the disposition of a previously filed action pending between the parties in the law division of the circuit court of Cook County. The trial court denied the motion to stay and the Fabbrinis now appeal pursuant to Supreme Court Rule 307(a)(1) (134 Ill. 2d R. 307(a)(1)).

We reverse and remand with directions.

The Fabbrinis filed an action against the Bank in the chancery division of the circuit court of Cook County, which was later transferred to the law division on the court's own motion, seeking the rescission of a certain note and personal guaranty executed by the Fabbrinis dated November 8, 1989. The action also sought damages against the Bank for fraud and conspiracy to commit fraud. The Bank answered that complaint and filed a counterclaim seeking money damages against the Fabbrinis for their default in the payment of certain notes dated August 30, 1988, November 8, 1989, and April 6, 1990.

Subsequent to the filing of its counterclaim in the law division action, the Bank filed the instant action in the chancery division of the circuit court of Cook County against the Fabbrinis seeking to foreclose upon a mortgage which stands as security for the notes dated August 30, 1988, November 8, 1989, and April 6, 1990, and also seeking a money judgment for any deficiency in the amount realized from the mortgaged property and the balances owed on the three notes. The Fabbrinis answered the Bank's complaint for foreclosure raising as an affirmative defense the pendency of the Bank's counter-

claim in the law division action which seeks recovery based upon the same notes. Thereafter, the Fabbrinis moved to stay the foreclosure proceeding pending a final determination of the law division action. As indicated earlier, that motion was denied and this appeal followed.

The scope of review in an interlocutory appeal from an order denying a motion to stay is limited to determining whether the trial court abused its discretion in refusing the requested relief. (*Zurich Insurance Co. v. Raymark Industries, Inc.* (1991), 213 Ill. App. 3d 591, 572 N.E.2d 1119.) Our function is not to determine if we agree with the trial court's resolution of the matter, but rather, to determine if the trial court acted arbitrarily, exceeded the bounds of reason, or ignored recognized principals of law. *Zurich*, 213 Ill. App. 3d 591, 572 N.E.2d 1119.

■ In determining whether to stay the latter of two suits between the same parties, the court must first determine if the relief requested in the two actions is based upon the same operative set of facts. (See *Skolnick v. Martin* (1964), 32 Ill. 2d 55, 203 N.E.2d 428.) The fact that the relief sought in the two actions might differ is not determinative of the issue. (See *Tambone v. Simpson* (1980), 91 Ill. App. 3d 865, 414 N.E.2d 533.) If the actions turn on the same operative facts and both actions are pending in the same jurisdiction, the court must consider a number of factors including the prevention of multiplicity, vexation, harassment and the orderly administration of justice. See *A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 419 N.E.2d 23; *Jam Productions, Ltd. v. Dominick's Finer Foods, Inc.* (1983), 120 Ill. App. 3d 8, 458 N.E.2d 100.

■ There is no question from the record that the Bank's counterclaim in the law division action seeks recovery on the same operative set of facts as its complaint for foreclosure in the instant action. Both claims relate to the Fabbrinis' default in the payment of the same three notes. Additionally, both actions seek money damages. The fact that the complaint in the instant action also seeks a judgment of foreclosure does not eliminate the duplicative nature of these claims. We fail to see the economy from the standpoint of the parties or the court in allowing both of these actions to proceed independently.

The Bank argues that it was required to file its foreclosure action as a separate action because the law division of the circuit court of Cook County has no jurisdiction to hear a foreclosure. This argument is wholly lacking in merit. The jurisdiction over the foreclosure action vests in the circuit court, not in one of its divisions. The fact that for administrative purposes the circuit courts establish divisions to hear certain types of cases does not affect the jurisdiction of the court.

(*Kaplan v. Keith* (1978), 60 Ill. App. 3d 804, 377 N.E.2d 279.) We know of no case which prohibits a party from seeking equitable relief merely because the action might be pending in the law division of the circuit court; in fact, the rule is to the contrary. *Kaplan,* 60 Ill. App. 3d 804, 377 N.E.2d 279.

Additionally, the Bank argues that if it filed its foreclosure action as a counterclaim in the law division action, it would suffer irreparable harm due to the length of time that would elapse before trial. However true this argument may be, it pales in comparison to the prejudice to the Fabbrinis' right to a jury trial if the foreclosure action proceeded to judgment before the previously filed action between the parties pending in the law division of the circuit court. The Fabbrinis have exercised their constitutional right to a jury trial in the law division action. (See Ill. Const. 1970, art. I, §13.) Because they do not seek affirmative relief in the foreclosure action, the Fabbrinis are not entitled to a jury trial as a matter of right. (See *Rozema v. Quinn* (1964), 51 Ill. App. 2d 479, 201 N.E.2d 649.) If judgment was entered in the foreclosure action before the law division action, the court's determination of the factual issues common to both actions would, by application of the doctrine of collateral estoppel, be binding upon the Fabbrinis in the law division action, thus depriving them of the right to have those common issues of fact determined by a jury. The right to a jury trial is of constitutional origin and courts should be inclined to protect and enforce the right. (*Hernandez v. Power Construction Co.* (1978), 73 Ill. 2d 90, 382 N.E.2d 1201.) Because we believe that the issues of fact common to the Bank's foreclosure action and its counterclaim in the law division action will determine the outcome in both actions, the Fabbrinis' right to have these issues determined by a jury is far more compelling than the Bank's interest in securing a speedier determination of its foreclosure action.

Lastly, the Bank argues that by filing their motion to stay the foreclosure proceeding, the Fabbrinis were in effect attempting to avoid the consequences of their twice-denied motion for a change of venue from the trial judge. We find no evidence of judge shopping in this record. To be sure, the Fabbrinis filed several motions for a change of venue from the trial judge in this action and each was denied, but that does not detract from the fact that the Bank's counterclaim in the law division action is based upon exactly the same operative set of facts as is presented in the instant foreclosure action.

Failure to stay this proceeding or to consolidate it into the previously filed law division action perpetuates a multiplicity of action, is contrary to the orderly administration of justice, and does nothing to

contribute to the cause of judicial economy in an already overburdened court system. For these reasons, we reverse the order of the trial court denying a stay of proceedings and remand this cause to the circuit court of Cook County with directions to enter the stay or to consolidate this action into the law division action as it deems appropriate.

Reversed and remanded with directions.

JOHNSON and McNULTY, JJ., concur.