VASA NORTH ATLANTIC INSURANCE COMPANY *et al.*, Plaintiffs-Appellees, v. STEPHEN F. SELCKE, Director of the Department of Insurance, *et al.*, Defendants-Appellants.

First District (5th Division)   Nos. 1—93—2706 through 1—93—2718, 1—93—3716 cons.

Opinion filed April 8, 1994.

Roland W. Burris, Attorney General, of Springfield, for appellants.

Richard Bromley and Mary Kay McCalla, both of Hopkins & Sutter, of Chicago, for appellees Vasa North Atlantic Insurance Company, Milwaukee Safeguard Insurance Company, Milwaukee Guardian Insurance, Inc., Milwaukee Mutual Insurance Company, National American Insurance

Company, Wisconsin Mortgage Assurance Corporation, Mortgage Guaranty Insurance Corporation, Northwestern National Casualty Company, American Standard Insurance Company of Wisconsin, American Family Mutual Insurance Company, and Owners Insurance Company.

Michael J. Hayes, Gary T. Murphy, and John A. Simon, all of Gardner, Carton & Douglas, of Chicago, for appellees Petroleum Casualty Company, American States Life Insurance Company, American States Insurance Company, American States Preferred Insurance Company, and American Economy Insurance Company.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiffs, Vasa North Atlanta Insurance Company and 34 other insurance companies, brought suit against defendants Stephen F. Selcke, Director of the Illinois Department of Insurance, and Patrick Quinn, Treasurer of the State of Illinois, alleging that section 409 of the Illinois Insurance Code (215 ILCS 5/409 (West 1992)), which imposes an annual privilege tax upon foreign or alien insurance companies doing business in Illinois, is unconstitutional.

In a circuit court proceeding filed in Sangamon County, Melahn v. State of Illinois, Department of Insurance, No. 88—L—134 (Melahn), the Director of the Missouri Department of Insurance, as liquidator of an insolvent foreign insurance company that paid privilege tax to the State of Illinois, challenged the constitutionality of the privilege tax. On March 1, 1993, the trial court in that case found that the privilege tax was unconstitutional under the equal protection clause of the United States Constitution. Based upon the Sangamon County court's finding of unconstitutionality, plaintiffs in the instant case paid their June 15, 1993, quarterly estimated payment of privilege tax under protest. Pursuant to the State Officers and Employees Money Disposition Act (30 ILCS 230/1 et seq. (West 1992)), in the 30 days following their payment under protest, plaintiffs filed their separate actions challenging the constitutionality of the privilege tax. In each action, plaintiffs sought the entry of a temporary restraining order or a preliminary injunction order restraining or enjoining defendants from transferring the quarterly estimated payments made by them under protest from the protest fund to the general revenue fund of the State treasury. The proposed form of the preliminary injunction orders contained a paragraph providing that the pending suits would be stayed until a final resolution is reached in Melahn.

On July 8, 1993, the trial court granted plaintiffs' motions for a temporary restraining order. On July 16, 1993, the court entered an order staying further litigation of the proceedings until a final order is entered in the Melahn case. The defendants appealed from the

trial court's order staying the 13 underlying actions, and these 13 separate appeals were consolidated.

In arguing that the stay was improperly granted, defendants claim that plaintiffs submitted no pleadings requesting or supporting such a stay and that even if plaintiffs' reasons for requesting a stay had been properly presented to the court, this was not a proper case in which to grant a stay. We find no merit to either of these arguments.

In order to obtain the issuance of a stay, a party must "allege facts sufficient to support the issuance of a stay." (*Douglas Transit, Inc. v. Illinois Commerce Comm'n* (1986), 145 Ill. App. 3d 115, 121, 495 N.E.2d 620.) No stay is generally granted without an evidentiary hearing at which the movant establishes its entitlement to relief. *Stoller v. Stoller* (1991), 222 Ill. App. 3d 22, 582 N.E.2d 1323.

In their complaints and motions for temporary restraining order, plaintiffs pointed out that the privilege tax that plaintiffs are claiming is unconstitutional is the same tax the court in *Melahn* found unconstitutional under the equal protection clause of the United States Constitution. In addition, during the two hearings conducted by the trial court, plaintiffs reported on the nature and status of the *Melahn* proceeding and noted that judicial economy is served by the issuance of the stay order. Plaintiffs therefore properly articulated their reasons for asking the court to grant a stay of the proceedings.

We further conclude that the trial court properly exercised its discretion in determining that a stay of proceedings was justified in this case. The power of the trial court to stay proceedings is an attribute of its inherent power to control the disposition of cases before it. (*In re Estate of Lanterman* (1984), 122 Ill. App. 3d 982, 462 N.E.2d 46.) Thus, trial courts are afforded discretion in issuing stay orders. *Couri v. Korn* (1990), 203 Ill. App. 3d 1091, 562 N.E.2d 235.

Defendants claim that the stay order was improperly entered since plaintiffs failed to satisfy the requirements for obtaining a preliminary injunction. However, the cases cited by defendant in support of this argument, *Property Management, Ltd. v. Howasa, Inc.* (1973), 14 Ill. App. 3d 536, 302 N.E.2d 754, and *Medline Industries, Inc. v. Pascal* (1974), 23 Ill. App. 3d 346, 319 N.E.2d 310, hold only that for the purpose of determining appellate jurisdiction, a stay is analogous to the granting of a preliminary injunction and is therefore appealable. (See *Stacke v. Bates* (1990), 138 Ill. 2d 295, 562 N.E.2d 192 (wherein the court refused to adopt the preliminary injunction standards in determining whether to grant a stay pending appeal under Supreme Court Rule 305(a) (134 Ill. 2d R. 305(a))).) Rather, when

determining whether to stay subsequent litigation brought concerning a given controversy, courts consider a number of factors, including "comity; prevention of multiplicity, vexation and harassment; likelihood of obtaining complete relief in the foreign jurisdiction; and the *res judicata* effect of a foreign judgment in the local forum." (*Jam Productions, Ltd. v. Dominick's Finer Foods, Inc.* (1983), 120 Ill. App. 3d 8, 11, 458 N.E.2d 100.) A court may also consider factors such as the orderly administration of justice and judicial economy in determining whether to stay proceedings. (*First National Bank v. Fabbrini* (1993), 255 Ill. App. 3d 99.) The scope of review in an interlocutory appeal from an order granting a motion to stay proceedings is limited to a determination as to whether the trial court abused its discretion in granting the stay. (*Zurich Insurance Co. v. Raymark Industries, Inc.* (1991), 213 Ill. App. 3d 591, 572 N.E.2d 1119.) It is clear that the trial court here did not abuse its discretion in staying the proceedings. The underlying cases here and *Melahn* involve the identical issue of whether the privilege tax is unconstitutional. Defendants claim that it was improper to stay these cases since in order to determine whether plaintiffs have been denied equal protection of the laws, facts unique to these proceedings must be heard and decided. Plaintiffs specifically relied on *Melahn* when they made their quarterly payments under protest and then challenged the constitutionality of privilege tax. Because *Melahn* held that, as a matter of law, the privilege tax was facially unconstitutional, no facts need be developed. Furthermore, the fact that *Melahn* came before the circuit court on administrative review, while the instant case initiated in the circuit court, has no impact on the constitutional issue and provides no basis for distinguishing the cases.

Judicial economy is clearly served by the stay order. The *Melahn* decision is currently pending before the Illinois Supreme Court. Rather than proceed with 36 suits raising the exact same question of law which will be addressed by the supreme court, the trial court properly decided to prevent the unnecessary duplication of litigation and the waste of judicial resources by staying the instant proceeding until the supreme court resolves the issue of whether the privilege tax is facially unconstitutional. The failure to grant the stay would have perpetuated a multiplicity of actions and would have done "nothing to contribute to the cause of judicial economy in an already overburdened court system." (*First National Bank*, 255 Ill. App. 3d at 102-03.) The trial court in no way abused its discretion when it exercised its inherent power to govern the administration of its own docket.

We therefore conclude that the trial court properly ordered a

stay of the 36 underlying actions pending the final resolution of the *Melahn* case.

Affirmed.

GORDON and COUSINS, JJ., concur.