# Illinois Official Reports

## Appellate Court

<div style="border:1px solid black">

### *Lisk v. Lisk*, 2020 IL App (4th) 190364

</div>

| | |
|---|---|
| Appellate Court Caption | BILLY W. LISK, by Power of Attorney for Property Brought by Pamela L. Johnson, and PEGGY W. LISK, by Power of Attorney for Property Brought by Pamela L. Johnson, Plaintiffs-Appellants, v. DALE W. LISK and TAMMY L. LISK, Husband and Wife Each the Spouse of the Other, Defendants-Appellees. |
| District & No. | Fourth District<br>No. 4-19-0364 |
| Filed | January 6, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Schuyler County, No. 17-L-4; the Hon. Michael L. Atterberry, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Edward B. Tucker, of Mt. Sterling, for appellants.<br><br>Jeremy S. Karlin and Leslie Marie Day, of Barash & Everett, LLC, of Galesburg, for appellees. |

Panel                    PRESIDING JUSTICE STEIGMANN delivered the judgment of the court, with opinion.
Justices Turner and Holder White concurred in the judgment and opinion.

**OPINION**

¶ 1    In December 2016, plaintiffs, Billy and Peggy Lisk, sued defendant Dale Lisk and codefendant Tammy Lisk (collectively, defendants), alleging that defendants owed plaintiffs money related to Dale's farming operation. Throughout the proceedings in this case, Dale and Tammy Lisk were involved in a pending divorce case in Schuyler County.

¶ 2    After plaintiffs' initial complaint had been transferred from Morgan County to Schuyler County, they filed first, second, and third amended complaints, each of which was dismissed for failure to state a claim for which relief could be granted. Their fourth amended complaint was filed in September 2018, and in October 2018, Tammy, individually, filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2016)) for failure to state a cause of action against her. In February 2019, she also filed a supplemental motion to dismiss pursuant to section 2-619 of the Code (*id.* § 2-619).

¶ 3    In May 2019, the trial court conducted a hearing on the motions to dismiss and concluded that the fourth amended complaint suffered from similar defects as the previous complaints. The court then (1) dismissed the fourth amended complaint for failure to state a cause of action against Tammy, (2) granted the supplemental motion to dismiss on the basis that the issues surrounding any debt were currently being litigated in the divorce action, (3) dismissed the complaint without prejudice, and (4) ordered a stay in the proceedings until the divorce action concluded.

¶ 4    Plaintiff appeals, arguing that the trial court erred by staying the proceedings in this case until the divorce case is resolved. We disagree and affirm.

¶ 5                    I. BACKGROUND
¶ 6                    A. The Complaints
¶ 7    In December 2016, plaintiffs, Billy and Peggy Lisk, sued defendants, Dale and Tammy Lisk, alleging that defendants owed plaintiffs money related to Dale's farming operation. Throughout the proceedings in this case, Dale and Tammy Lisk were parties to a pending divorce case in Schuyler County.

¶ 8    Between December 2016 and July 2018, plaintiffs filed several complaints, each of which were dismissed. In July 2018, the trial court dismissed the counts of the third amended complaint related to Tammy without prejudice. At that time, the court permitted the plaintiffs to conduct limited discovery.

¶ 9    In September 2018, plaintiffs filed their fourth amended complaint against defendants. In October 2018, Tammy filed a motion to dismiss for failure to state a cause of action pursuant to section 2-615 of the Code (*id.* § 2-615). In December 2018, plaintiffs filed a motion to compel, alleging that Tammy failed to comply with plaintiffs' discovery requests, and a further

motion for discovery and evidence depositions.

¶ 10                    B. The Hearing on Plaintiffs' Discovery Motions

¶ 11        In January 2019, the trial court conducted a hearing on plaintiffs' (1) motion to compel and (2) motion for discovery and evidence depositions. Dale appeared personally at the hearing and said that Tammy had not been a part of the farming operation since 2013. He stated that he and the "divorce court" needed farming records. The trial court indicated it was concerned that Dale had the same interest as plaintiffs, who were Dale's parents. The court said that as a result of Dale's statements, the court was sympathetic to Tammy's argument that the lawsuit was an abuse of the judicial system by plaintiffs and Dale.

¶ 12        Dale further stated that he and his father, plaintiff Billy Lisk, had a partnership and they needed the records to show that Tammy had not been a part of the farm operation for years. The trial court responded, "You continue to use the word[s] 'we' and 'our' here, suggesting that you believe there is an identity of interest here between the plaintiffs' case and you." Dale admitted that he and his father had a business interest together "that continues to this day." He claimed that Tammy stole the farm records.

¶ 13        The trial court ruled that by making the requested documents available at her lawyer's office, Tammy had substantially complied with plaintiffs' discovery requests. Accordingly, the court denied plaintiffs' motion for discovery and evidence depositions, continued this case for a hearing on Tammy's motion to dismiss, and granted plaintiffs additional time to review the documents.

¶ 14        In February 2019, Tammy filed a supplemental motion to dismiss pursuant to section 2-619 of the Code (*id.* § 2-619). Tammy argued that plaintiffs and Dale were essentially the same party who both sought to establish that Tammy owed them money. In support, she noted that plaintiffs had never sought a default judgment against Dale, even though he had never filed an answer. She also noted that plaintiffs' counsel had previously represented Dale in the divorce case before he withdrew from that case and entered his appearance as an attorney for plaintiffs.

¶ 15        In May 2019, the trial court conducted a hearing on the motions to dismiss and found that the fourth amended complaint suffered from many of the same defects as the previous complaints. The court also found that the issues surrounding any debt were currently being litigated in the divorce case. The court explained that "having two separate actions runs the risk of me, in this case, making a determination that is inconsistent with the determination that [the divorce court] makes, and that certainly is not in the interest of judicial economy." Accordingly, the court dismissed the complaint without prejudice and entered a stay in the proceedings until the divorce case concluded.

¶ 16        This appeal followed.

¶ 17                                II. ANALYSIS

¶ 18        Plaintiff appeals, arguing that the trial court erred by staying the proceedings in this case until the Schuyler County divorce case is resolved. We disagree and affirm.


¶ 19                                A. Jurisdiction

¶ 20    As an initial matter, we note that the Illinois Supreme Court Rules provide jurisdiction to this court to review a trial court's "granting *** an injunction." Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017). As we have previously held, "a stay of proceedings is indeed an injunction." *Khan v. BDO Seidman, LLP*, 2012 IL App (4th) 120359, ¶ 52, 977 N.E.2d 1236. Therefore, this court has jurisdiction to review the stay in this case.

¶ 21                                        B. The Law

¶ 22    When reviewing a trial court's stay, the "standard of review is highly deferential, and the circuit court's decision to grant a stay will be reversed only upon a finding of an abuse of discretion." *Health Alliance Medical Plans, Inc. v. Department of Healthcare & Family Services*, 2011 IL App (4th) 110495, ¶ 29, 957 N.E.2d 447. An abuse of discretion occurs when "the trial court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." (Internal quotation marks omitted.) *Blum v. Koster*, 235 Ill. 2d 21, 36, 919 N.E.2d 333, 342 (2009).

¶ 23    A trial court's authority to stay proceedings arises from its power to control the disposition of its cases. *Vasa North Atlantic Insurance Co. v. Selcke*, 261 Ill. App. 3d 626, 628, 633 N.E.2d 865, 868 (1994). When considering a stay, trial courts consider a variety of factors, including the orderly administration of justice, judicial economy, comity, prevention of multiplicity, vexation, and harassment. *Id.* at 628-29. When several actions are pending that involve substantially the same subject matter, a court may stay the proceedings in one matter to see whether the disposition of one action may settle the other. *Guarantee Trust Life Insurance Co. v. Platinum Supplemental Insurance, Inc.*, 2016 IL App (1st) 161612, ¶ 35, 68 N.E.3d 481 (citing *J.S.A. v. M.H.*, 384 Ill. App. 3d 998, 1005, 893 N.E.2d 682, 688 (2008)).

¶ 24    Generally, where two actions are brought in different Illinois courts on the same subject to test the same rights, the court that first has jurisdiction retains such jurisdiction and may dispose of the entire claim to the exclusion of all other courts. *In re Marriage of Isaacs*, 260 Ill. App. 3d 423, 428, 632 N.E.2d 228, 232 (1994). Both common sense and sound public policy dictate that married litigants should not be permitted to make a circuitous run around the divorce court in coordinate courts. *Id.* at 429.

¶ 25    "The allocation of judicial responsibilities to various divisions of a circuit court does not impose barriers to jurisdiction but rather reflects a concern for administrative convenience. [Citation.] The trial court judge in a domestic relations division has jurisdiction to hear all issues that are justiciable in nature." *In re Marriage of Devick*, 315 Ill. App. 3d 908, 913, 735 N.E.2d 153, 157 (2000).

¶ 26                                        C. This Case

¶ 27    Here, the trial court was attempting to avoid inconsistent results with the divorce case. Both proceedings involved the same property. Based on the similarity of the issues, the trial court did not abuse its discretion by trying to avoid inconsistent results.

¶ 28    Additionally, a determination in the divorce case regarding defendants' marital property and nonmarital property would help settle the matter at hand. A stay in this case is proper until the determination of property can be made in the divorce case.

¶ 29    We conclude that the trial court made no error in this case and was well within its power to issue a stay in the pursuit of comity and the avoidance of inconsistent results. The claims

raised by plaintiffs fall far short of showing the trial court abused its discretion.

¶ 30                                    III. CONCLUSION

¶ 31            For the reasons stated, we affirm the trial court's judgment.

¶ 32            Affirmed.