2023 IL App (1st) 221638-U

FIRST DISTRICT,
FIRST DIVISION
March 20, 2023

No. 1-22-1638

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| CONTROL NEW MLSS, LLC, individually and derivatively on behalf of Locality Labs, LLC, and EDWARD WEINHAUS, | ) ) ) ) | |
| Plaintiffs/Counter-Defendants, | ) ) | |
| v. | ) ) | |
| BRIAN TIMPONE, ANDREW MCKENNA, DANIEL KAZAN, CHRIS HOCHSCHILD, NEWSINATOR, LLC, INTERNET CONTENT SERVICES, TRIBUNE MEDIA COMPANY, TRIBUNE PUBLISHING COMPANY, LLC, and LOCALITY LABS, LLC, | ) ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. No. 16 CH 07155 |
| Defendants/Counter-Plaintiffs | ) ) | Honorable Thaddeus L. Wilson, |
| (Control New MLSS, LLC, | ) ) | Judge Presiding. |
| Plaintiff/Counter-Defendant-Appellant, | ) ) | |
| v. | ) ) | |
| Brian Timpone, Andrew McKenna, Newsinator, LLC, and Locality Labs, LLC, | ) ) ) | |
| Defendants/Counter-Plaintiffs-Appellees). | ) | |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Lavin and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1     *Held*:    The trial court acted within its discretion in denying plaintiff's motion for a stay.

¶ 2     In 2016, plaintiff Edward Weinhaus, a former manager of the board of directors for Locality Labs, LLC (Locality), and his company Control New MLSS, LLC (Control) brought suit against (among other parties) Locality and Brian Timpone, the majority owner of Locality, alleging breaches of fiduciary duty and breaches of contract.

¶ 3     In 2022, with the litigation still at the pleadings stage, Control moved to stay the proceedings and compel settlement negotiations between the parties. The motion was denied, and Control appeals pursuant to Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) (allowing interlocutory appeals from a denial of injunctive relief). For the reasons that follow, we affirm.

¶ 4                                BACKGROUND

¶ 5     This appeal arises from a series of lawsuits that Weinhaus is pursuing, on his own behalf and on behalf of his company Control[1], against Locality and Timpone. We summarize the relevant facts briefly.

¶ 6     Locality is "a vendor for 'hyper-local' news to area newspapers." In April 2012, defendant Tribune Media Company and its then-subsidiary, Tribune Publishing Company, LLC (collectively Tribune) signed a service contract with Locality. In July 2012, Tribune unilaterally suspended the contract. Weinhaus, as the manager of Locality's board of directors, "agitat[ed] for" litigation against Tribune. Over Weinhaus' objection, Timpone negotiated a new contract with Tribune. Following further disagreement about the Tribune contract, Timpone and board

---

[1] Weinhaus fully owns Control, which serves as a holding entity for his interest in Locality.

members Daniel Kazan and Chris Hochschild voted to remove Weinhaus from the board of directors in October 2013. Additionally, Timpone, Kazan, and Hochschild allegedly engaged in "dilutive financing" which "decimated" the value of Control's ownership interest in Locality and gave Timpone "greater control of Locality," which he used "to divert resources and assets to Newsinator, LLC ('Newsinator') and/or Internet Content Services ('ICS'), entities he co-owned and/or managed with Andrew McKenna."

¶ 7 On May 25, 2016, Weinhaus and Control filed the instant suit against Locality, Timpone, McKenna, Kazan, Hochschild, Tribune, Newsinator, and ICS, alleging breaches of fiduciary duty and breaches of contract. Defendants filed various counterclaims against Weinhaus and Control. Weinhaus also filed multiple other related actions, including an action in Missouri federal court against Timpone, McKenna, and Newsinator (*Control v. Timpone*, No. 4:21-cv-01522 (E.D. Mo.)), and an action in Missouri state court (*Control v. Timpone*, No. 20SL-CC04103 (Cir. Ct. St. Louis Cty., Mo.)).

¶ 8 On January 11, 2022, with the action still at the pleadings stage, plaintiffs filed a "Motion for Mediation of Direct Claims Between Plaintiffs and Locality," arguing that "it is within Locality's and Plaintiffs' interest to seek to resolve their extremely limited issues without undue expense." Plaintiffs asserted that prior settlement discussions with Locality were "unfruitful" because they "centered around" the interests of the other defendants, which were not aligned with Locality's interests. Thus, plaintiffs requested the court order mediation between them and Locality regarding Weinhaus' direct claims against Locality (counts IX, X, and XI of the second amended complaint) and Locality's counterclaims against Weinhaus and Control.

¶ 9 On February 23, 2022, the court granted plaintiffs' motion, stating: "Plaintiffs and Defendant Locality Labs shall agree upon a neutral mediator and mediate all direct claims and

counterclaims in the Operative Complaint *** and Locality's First Amended Answer and Counterclaims."

¶ 10    On September 27, 2022, Control filed the motion that is the subject of the instant appeal, requesting that the court order "good faith settlement negotiations for all parties and a stay of proceedings pending the resolution of the Missouri court's jurisdiction as it relates to potential injunction of certain claims in this matter." It argued that the settlement discussions between plaintiffs and Locality "could resolve the case," but "[o]ne issue that is likely to hold up settlement of all claims is that the non-Locality Defendants are not involved in settlement discussions or negotiations." In support, Control cited a joint report submitted by the parties to the court in the Missouri federal case, stating: "Mediation between the Plaintiffs and [Locality] in the Underlying Lawsuit which could potentially resolve the claims in that case [] is ongoing ***. The discussions have been meaningful."

¶ 11    Second, Control argued that a stay was appropriate in the interest of judicial economy because of developments in the Missouri state action:

>   "On August 18, 2022, the Missouri [state] court ordered discovery for the issue of personal jurisdiction so it can finally have the issue joined. The Missouri court is being called to enjoin counterclaims in this matter. *** [The court's] potential injunction against Locality *** and Newsinator would moot several of the most immediate matters before this Court."

¶ 12    Third, Control argued that "a temporary stay will give new counsel an opportunity to get up to speed in this case," since Locality had new counsel enter in February, and Tribune had a pending motion to replace their counsel.

¶ 13    On September 29, 2022, the trial court denied Control's motion, and Control appealed pursuant to Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) (allowing interlocutory appeals from a denial of injunctive relief).

¶ 14    ANALYSIS

¶ 15    The trial court "may stay proceedings as part of its inherent authority to control the disposition of cases before it." (Internal quotation marks omitted.) *Sentry Insurance v. Continental Casualty Co.*, 2017 IL App (1st) 161785, ¶ 30. Thus, trial courts are afforded discretion in issuing stay orders, and we review the court's denial of a stay for an abuse of discretion. *Id.*; *Vasa North Atlantic Insurance Co. v. Selcke*, 261 Ill. App. 3d 626, 629 (1994). Control argues that *de novo* review applies, citing *Golden v. Friedman*, 2012 IL App (2d) 120513, ¶ 21, for the proposition that where the trial court "does not make any factual findings or the underlying facts are not in dispute," and its decision "is based upon a purely legal analysis," our review is *de novo*. See also *Hutcherson v. Sears Roebuck & Co.*, 342 Ill. App. 3d 109, 115 (2003). *Golden* and *Hutcherson* involved motions to stay the proceedings and compel arbitration, under which "the sole question for the court to determine is whether there was an agreement to arbitrate." *Golden*, 2012 IL App (2d) 120513, ¶ 20. Such cases "in no way call[] into question the general rule that stays are reviewed for an abuse of discretion." (Internal quotation marks omitted.) *Sentry*, 2017 IL App (1st) 161785, ¶ 30.

¶ 16    Settlement Negotiations

¶ 17    Control contends that the trial court should have stayed the proceedings to require all parties "to conduct good faith settlement negotiations," citing *Haisma v. Edgar*, 218 Ill. App. 3d 78, 86 (1991), for the proposition that "Illinois public policy generally favors the peaceful and voluntary resolution of disputes." However, the trial court, being acquainted with the parties over

the course of this protracted litigation, is in the best position to determine whether a stay would facilitate settlement. Notably, in their January 11, 2022 motion for mediation, plaintiffs asserted that prior settlement discussions with Locality were "unfruitful" because they "centered around the other Timpone Defendants' interests," which were "completely opposed to Locality's own interests." The trial court could reasonably have concluded that settlement negotiations between all parties would continue to be "unfruitful" due to defendants' divergent interests. Moreover, the trial court's order does not preclude the parties from choosing to engage in settlement negotiations while the pretrial process is ongoing. Accordingly, the court acted within its discretion in denying Control's motion to stay the proceedings to compel settlement negotiations.

¶ 18                                  Proceedings in the Missouri State Action

¶ 19        Control next argues that the trial court abused its discretion in not granting a stay because rulings in the ongoing Missouri state action could "moot actions in the trial court and create inconsistent rulings."

¶ 20        "When several actions are pending that involve substantially the same subject matter, a court may stay the proceedings in one matter to see whether the disposition of one action may settle the other." *Lisk v. Lisk*, 2020 IL App (4th) 190364, ¶ 23. The factors that a court should consider include "comity; the prevention of multiplicity, vexation, and harassment; the likelihood of obtaining complete relief in the foreign jurisdiction; and the *res judicata* effect of a foreign judgment in the local forum." *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 447-48 (1986).

¶ 21        Control has not given this court sufficient background about the Missouri state court action to assess whether the *Kellerman* factors apply. Although it references "the Missouri Contract" and a dispute as to whether Newsinator released certain claims against Weinhaus, it

does not provide a cohesive explanation of the parties, the underlying facts, or the issues involved, much less how they might overlap with the case at bar. It is therefore unclear whether the actions "involve substantially the same subject matter" (*Lisk*, 2020 IL App (4th) 190364, ¶ 23) or whether it is likely the parties will "obtain[] complete relief in the foreign jurisdiction" (*Kellerman*, 112 Ill. 2d at 448).

¶ 22    "A reviewing court is entitled to have issues clearly defined with *** cohesive arguments presented [citation], and it is not a repository into which an appellant may foist the burden of argument and research." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). Supreme Court Rule 341(h)(6) requires an appellant to state the facts of the case "accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). An appellant's failure to set forth the facts needed to understand the issues raised on appeal will justify dismissal of the appeal. *In re H.B.*, 2022 IL App (2d) 210404, ¶ 43. Even if we choose to overlook Control's lack of compliance with Rule 341 (see *In re Marriage of Souleles*, 111 Ill. App. 3d 865, 869 (1982) (the mandates of Rule 341 are admonitions to the parties, not jurisdictional in nature)), we lack a sufficient factual basis upon which to analyze the *Kellerman* factors. The trial court was in the best position to evaluate the risk of inconsistent rulings, and, upon this record, we cannot say it abused its discretion in denying a stay on that basis.

¶ 23    The cases cited by Control are inapposite. In *American Nat'l Trust Co. of Chicago v. Kentucky Fried Chicken of S. California, Inc.*, 308 Ill. App. 3d 106 (1999), the trial court stayed proceedings against defendants who declared bankruptcy in California during the pendency of the action. Since the trial court's stay order was not challenged on appeal, Control's reliance on *Kentucky* is misplaced.

¶ 24        In *Lisk*, 2020 IL App (4th) 190364, the plaintiffs brought action against their son and daughter-in-law, who were involved in a pending divorce action, seeking recovery of an alleged debt. The record clearly reflected that "[b]oth proceedings involved the same property" and "a determination in the divorce case regarding defendants' marital property and nonmarital property would help settle the matter at hand"; thus, the trial court acted within its discretion in entering a stay. *Id.* ¶¶ 27-28; see also *First Nat'l Bank of Hoffman Estates v. Fabbrini*, 255 Ill. App. 3d 99, 101 (1993) (stay was warranted where "[t]here is no question from the record that the Bank's counterclaim in the law division action seeks recovery on the same operative set of facts as its complaint for foreclosure in the instant action"). By contrast, the record is not sufficiently clear for this court to analyze whether plaintiffs in the Missouri state action seek recovery on the same operative set of facts as in the instant action, or whether rulings in that case "would help settle the matter at hand" (*Lisk*, 2020 IL App (4th) 190364, ¶ 28).

¶ 25                                    New Counsel

¶ 26        Control argues that a stay "will give new counsel an opportunity to get up to speed in this case." The record reflects that Locality had new counsel enter in February 2022 and, as of September 27, 2002, Tribune had a pending motion to substitute new counsel. However, the trial court is in the best position to weigh the needs of counsel against the court's and the parties' interest in moving the case forward. Control does not cite any cases in which a trial court abused its discretion in denying a stay for purposes of giving new counsel "an opportunity to get up to speed." Moreover, none of the new attorneys in this case represent Control, and if Locality and/or Tribune believe their attorneys need additional time to acquaint themselves with the case,

they are free to seek such relief as they deem appropriate.[2] For these reasons, we do not find that the trial court "acted arbitrarily, exceeded the bounds of reason, or ignored recognized principles of law" (*Fabbrini*, 255 Ill. App. 3d at 101) in denying Control's motion for stay.

¶ 27                                    Control's Additional Arguments

¶ 28        Control argues that "even if the court disagrees that the entire case should be stayed, the court should stay the claims related to the Missouri [state] case," but it does not set forth what counts and what parties would be included in such a stay. Accordingly, this argument is forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *Gandy v. Kimbrough*, 406 Ill. App. 3d 867, 875-76 (2010) (appellant forfeited consideration of issue that was "ill-defined and insufficiently presented").

¶ 29        Control additionally argues that we should remand the cause for "the trial court to conduct a hearing on the motion to stay," asserting that "the Circuit Court, were it to conduct a hearing, would not have to look very hard to see that its own time will be wasted" in the absence of a stay. If Control is referring to an evidentiary hearing, it did not request such a hearing in its motion and does not articulate what evidence it would present at such a hearing; thus, any such argument is forfeited. *Id.* If Control means that the trial court should hear attorney arguments on the motion to stay, it had full opportunity to make arguments in its written motion. Additionally, the court's September 29, 2022 order denying Control's motion to stay states that it "ha[s] been advised in the premises." We therefore do not find it necessary to order the trial court to conduct a "hearing" on Control's motion.

¶ 30                                            CONCLUSION

---

[2] The record reflects that Locality filed a motion for stay in February 2022 that was denied without prejudice. However, since the motion is not included in the record, we can draw no conclusions therefrom.

¶ 31     For the foregoing reasons, the trial court's order denying Control's motion for stay is affirmed.

¶ 32     Affirmed.